[Doc. No. 10]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>       Plaintiff,<br><br>   v.<br><br>**JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 96.248.100.147,**<br><br>       Defendant. | Civil No. 21-10385 (CPO/MJS) |

**O R D E R**

This matter is before the Court on the motion to quash plaintiff's subpoena [Doc. No. 10] filed by defendant John Doe Subscriber Assigned IP Address 96.248.100.147. The Court is in receipt of plaintiff's opposition [Doc. No. 12] and supplemental letter [Doc. No. 15]. The Court exercises its discretion to decide defendant's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth herein, defendant's motion to quash is **DENIED** as moot.

**Background**

This case is one of many in this District alleging copyright infringement for the unauthorized downloading and distribution of adult motion pictures across the BitTorrent network. Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") filed this

1

action on April 28, 2021, alleging that defendant John Doe subscriber assigned Internet Protocol ("IP") address 96.248.100.147 ("Defendant") downloaded and distributed Plaintiff's motion pictures in violation of the U.S. Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. See Compl. [Doc No. 1].

After Plaintiff filed its complaint, it brought a "Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" [Doc. No. 4]. The motion sought leave to serve a subpoena on Defendant's Internet Service Provider ("ISP"), Verizon Internet Services ("Verizon"), requesting "the name and address of the subscriber assigned this IP address at the exact date and time of one (1) instance of recorded infringement[.]" Br. at 3 [Doc. No. 4-1]; see also Proposed Order at 2 [Doc. No. 4-5]. The Court found good cause to grant the motion and authorized Plaintiff to serve a Rule 45 subpoena on Verizon to learn the name and address of the subscriber associated with the IP address allegedly used to infringe on Plaintiff's Works. See Opinion and Order. [Doc. No. 8]. Defendant now moves to quash Plaintiff's subpoena under Fed. R. Civ. P. 45(d)(3)(A)(iv).

**Discussion**

Federal Rule of Civil Procedure 45 governs the issuance, service, and enforcement of subpoenas. Pursuant to Rule 45(d)(3), a court is required to quash or modify a subpoena that: (i) fails

to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of [Rule 45] are satisfied." Malibu Media, LLC v. John Does # 1-30, No. 12-3896, 2012 WL 6203697, at *2 (D.N.J. Dec. 12, 2012) (quoting Malibu Media, LLC v. John Does 1-15, No. 12-2077, 2012 WL 3089383, at *5 (E.D. Pa. July 30, 2012)). A court also has the authority to quash or modify a subpoena if it falls outside the scope of permissible discovery, as defined by Federal Rule of Civil Procedure 26(b)(1). Strike 3 Holdings, LLC v. DOE, No. 21-11418, D.E. 15, at *3 (D.N.J. Sept. 8, 2021) (citing Schmulovich v. 1161 Rt. 9 LLC, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007). In addition, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." New Jersey Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc., No. CIV.A. 12-5610 FLW, 2014 WL 4352327, at *4 (D.N.J. Sept. 2, 2014).

Here, Defendant does not assert that the material in question is privileged or subject to a proprietary or privacy interest. Rather, Defendant challenges the subpoena under Fed. R. Civ. P. 45(d)(3)(A)(iv), arguing that compliance would impose an undue burden because she was "improperly identified". See Mot., Proposed

Order. More specifically, Defendant urges the Court to quash the subpoena "due to the fact that the IP address identified by PLAINTIFF in its Subpoena does not belong to PETITIONER nor to any member of PETITIONER's family and the perpetrator may have downloaded PLAINTIFF's film illicitly using PETITIONER'S wireless network unbeknownst to PETITIONER." Mot. at ¶ 12. In opposition, Plaintiff contends the motion is moot and that, in any event, Defendant's undue burden argument is untenable. See Br. in Opp.

As discussed, the Court previously found good cause to allow Plaintiff to serve a subpoena on Defendant's ISP to obtain the name and address of the anonymous subscriber assigned the IP address allegedly used to infringe on Plaintiff's Works. See Doc. No. 8. In the instant motion to quash, however, Defendant revealed the very identifying information requested by the subpoena – her name and address[1] – thereby satisfying the purpose of the subpoena.[2] Simply put, the Court cannot now un-ring this bell. Because Defendant's name and address are now in Plaintiff's possession, the Court cannot provide any further effective relief. The motion

---

[1] This means that John Doe Subscriber Assigned IP Address 96.248.100.147 is actually Jane Doe.

[2] The Court further notes that Defendant did not file the motion under seal or attempt a redaction so as to conceal the identifying information. The fact that the information has been disclosed on the docket is not a secret, either. Plaintiff filed its brief in opposition three (3) days after Defendant brought the instant motion, which advised of the disclosure.

is denied as moot and further analysis under Rule 45 is unnecessary.[3]

**Conclusion**

For the reasons set forth herein, IT IS on this **17th** day of **June 2022** hereby **ORDERED** that the motion to quash Plaintiff's subpoena [Doc. No. 10] filed by defendant John Doe Subscriber Assigned IP Address 96.248.100.147 is **DENIED** as moot.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

At: Camden, New Jersey

---

[3] See Strike 3 Holdings, LLC v. Doe, No. 18-14114, D.E. 31, at *7 (D.N.J. June 14, 2019) (concluding "defendant rendered his motion moot by filing the information sought by plaintiff's subpoena on the public docket, and taking no action to protect the information after the disclosure was brought to his attention."); Strike 3 Holdings, LLC v. Doe, No. 21-4023, D.E. 8 at ¶ 8 (E.D. Pa. Oct. 25, 2021) (finding defendant's motion to quash was moot because "[b]y filing the Motion to Quash, Defendant identified himself and his address, thereby satisfying the purpose of the subpoena"); Strike 3 Holdings, LLC v. Doe, No. 19-2473, D.E. 8 at ¶ 4 (E.D. Pa. Aug. 20, 2019) (finding defendant's motion to quash was moot where defendant revealed his name and address, which was the very information Strike 3 sought in its subpoena); see also UN4 Prods., Inc. v. Does 1-15, No. 17-2768, 2017 WL 5885779, at *3 (E.D. Pa. Nov. 29, 2017) (finding that defendant's disclosure of information requested by plaintiff's subpoena to third-party provider prevented the Court from providing any effective relief); First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 248 n.7 (N.D. Ill. 2011) (noting that where a defendant failed to file a motion to quash an ISP anonymously, they "very nearly rendered [defendant's motion] moot.").